# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Bank of America, N.A.,       ) | |
|           ) | |
|         Plaintiff/Counter-defendant,    ) | Case No.: 2:13-cv-01221-GMN-NJK |
|     vs.           ) | |
|           ) | **ORDER** |
| One Queensridge Place Homeowners'   ) | |
| Association, Inc.,       ) | |
|           ) | |
|         Defendant/Counterclaimant.    ) | |
|           ) | |

Before the Court is the question of whether to stay this action pending certification of question to the Nevada Supreme Court. The Court conducted a hearing on February 28, 2014, and issued a bench ruling in the affirmative. Accordingly, this Order serves to memorialize the Court's bench ruling.

## I.    BACKGROUND

In September 2007 and again in April 2008, a Declaration[1] for One Queensridge Place Homeowners' Association, Inc. ("the Queensridge HOA"), was recorded pursuant to Chapter 116 of Nevada Revised Statutes. (Compl. at 4:¶13.) The property at issue in this case is subject to the terms of the Declaration, and is located at 9103 Alta Drive, #404, Las Vegas, Nevada, APN #: 138-32-213-137. (*Id.* & 1–2:¶1.) In February 2008, Morton and Kristina Davis bought the property with a mortgage loan secured by a Deed of Trust.[2] (Compl. at 2:¶4.)

Later, Mr. and Ms. Davis failed to pay the assessments due under the Declaration, and the Queensridge HOA recorded its lien for the delinquent amounts. (Compl. at 3:¶11.)

---

[1] The Declaration was recorded in Clark County as Book and Instrument No. 20070905-0000238 and re-recorded as Book and Instrument No. 20080407-0003373. (*Id.* at 4:¶13; *see also* Ex. 2 to Response to Mot. Summ. J., ECF No. 15-3.)

[2] The Deed of Trust was recorded in Clark County as Book and Instrument No. 20080229-0001483. (*Id.* at 3:¶9; *see also* Ex. 2 to Mot. Summ. J., ECF No. 10-3.)

Specifically, on March 15, 2011, "Nevada Association Services, Inc., as agent for One Queensridge Place" recorded a Notice of Delinquent Assessment Lien as Book and Instrument No. 20110315-0000110. (Ex. 4 to Mot. Summ. J., ECF No. 10-5.)  And on April 27, 2011, Nevada Association Services, Inc., "on behalf of One Queensridge Place," recorded a Notice of Default and Election to Sell Under Homeowners Association Lien as Book and Instrument No. 20110427-0004838. (Ex. D to Response to Mot. Summ. J., ECF No. 15-5.)

On June 6, 2011, a Notice of Default and Election to Sell Under Deed of Trust was recorded as Book and Instrument No. 20110606-0004190. (*See id*. Ex. E.)  On August 5, 2011, Bank of America, N.A., recorded a Notice of Default and Election to Sell Under Deed of Trust as Book and Instrument No. 20110805-0002853. (Ex. 6 to Mot. Summ. J., ECF No. 10-7.)

In December 2012, Nevada Association Services, Inc., as agent for the Queensridge HOA, conducted a foreclosure sale under a delinquent assessments lien pursuant to Chapter 116 of Nevada Revised Statutes, purporting to transfer title to the property to the Queensridge HOA, upon a bid of $53,429.01. (*Id*. at 3:¶12; *see also* Ex. 5 to Mot. Summ. J., ECF No. 10-6.)

On July 11, 2013, Bank of America, N.A. ("Bank of America"), as successor by merger to BAC Home Loans Servicing, LP, filed its Complaint in this action requesting declaratory relief and an order from this Court quieting title in the name of the Queensridge HOA, subject to Bank of America's first security interest under the Deed of Trust. (Compl., ECF No. 1.)

In response, the Queensridge HOA filed an apparently untimely Answer and Counterclaim requesting declaratory relief and an order from this Court quieting title in its name, free and clear of any other party's rights or claims. [3] (Answer & Countercl., ECF No. 7.)

The primary issue in dispute is whether Bank of America's interest under the Deed of Trust was extinguished by the foreclosure sale conducted pursuant to Chapter 116 of Nevada

---

[3] As of the date of this Order, Bank of America has not filed a responsive pleading to the Queensridge HOA's Counterclaim (ECF No. 7).

Revised Statutes. (*See* Compl., 3:¶¶8–12.)  In its Motion for Summary Judgment, Bank of America provides copies of the following publicly recorded documents:

1. the Deed of Trust (Ex. 2) naming Countrywide Bank, FSB, as beneficiary;

2. the Assignment (Ex. 3) transferring the beneficial interest in the Deed of Trust to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP, as of December 2010;

3. the Notice of Delinquent Assessment Lien (Ex. 4) recorded on March 15, 2011, by "Nevada Association Services, Inc., as agent for One Queensridge Place";

4. the Notice of Default (Ex. 6) recorded by Bank of America on August 5, 2011; and

5. the Foreclosure Deed (Ex. 5) for the December 28, 2012, sale conducted pursuant to the March 15, 2011, Notice of Delinquent Assessment Lien.

 (ECF No. 10.)  In its Response, the Queensridge HOA provides copies of the following additional publicly recorded documents:

1. the first page of the Declaration (Ex. B);

2. the Notice of Default and Election to Sell Under Homeowners Association Lien (Ex. D) recorded on April 27, 2011, by Nevada Association Services, Inc. "on behalf of One Queensridge Place";

3. the first page of the Notice of Default and Election to Sell Under Deed of Trust (Ex. E) recorded on June 6, 2011, apparently on behalf of the beneficiary under a Deed of Trust; and

4. the Notice of Foreclosure Sale (Ex. F) recorded on January 30, 2012, by Nevada Association Services, Inc., as "Agent for Association," stating a sale date of February 24, 2012.

(ECF No. 15.)

## II.     LEGAL STANDARD

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.**  The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.
>
> **(b) Method of Invoking.**  This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
>
> **(c) Contents of Certification Order.**  A certification order shall set forth:
>   (1) The questions of law to be answered;
>   (2) A statement of all facts relevant to the questions certified;
>   (3) The nature of the controversy in which the questions arose;
>   (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
>   (5) The names and addresses of counsel for the appellant and respondent; and
>   (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. Appellate P. 5(a)-(c).

## III.     DISCUSSION

Chapter 116 of Nevada Revised Statutes codifies Nevada's Uniform Common-Interest Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.

"Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113.  "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1).  Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).

One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).  However, under the so-called "super-priority" provision, the lien is prior to this security interest "to the extent of" charges under § 116.310312[4] and assessments for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

---

[4] The current full text of this provision is the following:

> The lien is also prior to all security interests described in paragraph (b) to the extent of ***any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of*** the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien.  If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien.  This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

Nev. Rev. Stat. § 116.3116(2) (emphasis added).  The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009. *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162.  In 2013, the Nevada Legislature added the following provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013":

The association may not foreclose a lien by sale if:
(a)  The unit is owner-occupied housing encumbered by a deed of trust;
(b)  The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and
(c)  The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of subsection 2 of NRS 107.086.

As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (current version at Nev. Rev. Stat. § 116.31162(6)).

Here, because the Queensridge HOA contends that Bank of America's interest was extinguished by the foreclosure sale, the question of law that may determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.  The Court finds that the Nevada Supreme Court has not directly addressed the question and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court.

Accordingly, and as discussed at the hearing, the Court will certify the following question of law:

Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the following question of law is **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

*See* Nev. R. App. P. 5(c)(1).  The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3).  Bank of America, N.A., is designated as the Appellant, and One Queensridge Place Homeowners' Association, Inc., is designated as the Respondent.  *See* Nev. R. App. P. 5(c)(4).  The names and addresses of counsel are as follows:

| **Bank of America, N.A.** | **One Queensridge Place Homeowners' Association, Inc.** |
|---|---|
| Gregory L. Wilde<br>Nevada Bar No. 4417<br>Email: glw@tblaw.com | Jack C. Juan<br>Nev. Bar No. 6367<br>Email: jjuan@maclaw.com |
| Kevin S. Soderstrom<br>Nevada Bar No. 10235<br>Email: kss@tblaw.com | Marquis Aurbach Coffing<br>10001 Park Run Drive<br>Las Vegas, NV 89130<br>702-942-2177<br>Fax: 702-856-8977 |
| Tiffany & Bosco P.A.<br>212 South Jones Blvd.<br>Las Vegas, NV 89107<br>702-258-8200<br>Fax: 702-258-8787<br>Email: efilenv@tblaw.com | |

*See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this Order, in the parties' pleadings (ECF Nos. 1, 7), and in the parties' briefing on the Motion for Summary Judgment (ECF Nos. 9, 10, 15, 17). *See* Nev. R. App. P. 5(c)(6).

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the

Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED without prejudice**, with permission to re-file upon resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that, beginning June 1, 2014, and every three months thereafter, the parties shall submit a Joint Status Report, including a statement from One Queensridge Place Homeowners' Association, Inc., affirming that all taxes, fees and maintenance fees are current and up to date.

**DATED** this 17th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court